UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

**VANDERBILT MINERALS, LLC,**

                       Plaintiff,

       -against-

**SUB-TECHNICAL, INC.,**

                    Defendant.

------------------------------------------------------------------------------X

Civil Action No.:
1:18-CV-105 MAD/DEP

**MEMORANDUM OF LAW**

---

## MEMORANDUM OF LAW IN SUPPORT OF SUB-TECHNICAL, INC.'S MOTION FOR SUMMARY JUDGMENT

---

PATRICK J. PICKETT, ESQ.
AHMUTY, DEMERS & MCMANUS, ESQS.
Attorneys for Defendant
SUB-TECHNICAL, INC.
634 Plank Road, Suite 203A
Clifton Park, New York 12065
(518) 387-3606

**TABLE OF CONTENTS**

**Heading**                                                                                          **Page**

1. PRELIMINARY STATEMENT.................................................................... 4

2. SUMMARY JUDGMENT STANDARD...................................................... 5

3. POINT I – Negligent Misrepresentation

    a. Because Plaintiff Admits that No Guarantees or
       Promises Were Made Prior to Any Work, Sub-Tech
       Must Not be Held Liable for Negligent Misrepresentation ......................... 5

4. POINT II – Breach of Contract

    a. Because No Contract Existed Between the
       Parties, Sub-Tech Cannot be Held Liable
       for Breach of Contract ............................................................. 7

    b. If a Contract is Found to Exist, Plaintiff's
       Lack of Performance and Failure to Establish
       Sub-Tech's Lack of Performance Precludes
       Their Breach of Contract Claim ................................................... 9

5. POINT III – Breach of Warranty

    a. There was No Contract Specifying the Grade
       of Materials to be Used, and Sub-Tech Used
       Materials Excessing the Industry Standard ..................................... 10

6. CONCLUSION ...................................................................... 12

## **TABLE OF AUTHORITIES**

**Case Name**                                                                 **Page**

1. *Allen v. Robinson,*
   No. 10 Civ. 7118, 2011 U.S. Dist. LEXIS 120735,
   2011 WL 5022819, at *5 (S.D.N.Y. Oct. 19, 2011) ............................................. 8

2. *Chiesa v. N.Y. State Dep't of Labor,*
   638 F. Supp. 2d 316, 320 (N.D.N.Y. 2009) ...................................................... 5

3. *Clifford R. Gray, Inc. v. LeChase Constr. Servs., LLC,*
   31 A.D.3d 983, 985, 819 N.Y.S.2d 182, 184–85 (3d Dep't, 2006) .......................... 8

4. *Cobble Hill Nursing Home, Inc. v. Henry & Warren Corp.,*
   74 N.Y.2d 475, 482, 548 N.Y.S.2d 920, 923, 548 N.E.2d 203, 206 (1989) ............. 8, 9

5. *DeBlasio v. Merrill Lynch & Co.,*
   2009 U.S. Dist. LEXIS 64848 (S.D.N.Y. July 27, 2009) ..................................... 5

6. *Hecht v. Components Intl., Inc.,*
   22 Misc 3d 360, 364, 867 NYS2d 889, 895 (2008) ........................................ 9, 10

7. *Hubbard v. GMC,*
   95 Civ. 4362 (AGS), 1996 U.S. Dist. LEXIS 6974 (S.D.N.Y. May 22, 1996) .......... 6, 7

8. *Local 977, Intern. Broth. of Teamsters v. N.L.R.B.,*
   577 F.3d 70, 74 (2d Cir. 2009) ................................................................. 8, 9

9. *Mallis v. Bankers Trust Co.,*
   615 F.2d 68, 80 (2d Cir. 1980), *cert. denied,* 449 U.S. 1123, (1981) ...................... 6

10. *Metzner v. D.H. Blair & Co.,*
    689 F. Supp. 262, 263-64 (S.D.N.Y. 1988) .................................................... 7

11. *Patell Indus. Mach. Co. v. Toyoda Mach. U.S.A.,*
    880 F. Supp. 96, (N.D.N.Y. 1995) ............................................................. 6

12. *Saratoga Spa & Bath v Beeche Sys. Corp.,*
    230 A.D.2d 326, 330, 656 N.Y.S.2d 787, 790 (1997),
    *lv dismissed* 90 N.Y.2d 979, 688 N.E.2d 1035, 665 N.Y.S.2d 953 (1997) ............. 12

13. *Wojcik v. Empire Forklift, Inc.,*
    14 A.D.3d 63, 66, 783 N.Y.S.2d 698, 700–701 (3d Dep't 2004) ........................ 11, 12

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of the Defendant Sub-Technical, Inc.'s (hereinafter "Sub-Tech") motion for summary judgment, which seeks to dismiss in part the Complaint of Plaintiff Vanderbilt Minerals, LLC (hereinafter "Vanderbilt") under Rule 56 of the Federal Rules of Civil Procedure.

In this action, Vanderbilt seeks monetary compensation for pumping expenses, bulkhead construction and other expenses allegedly caused by or related to work performed by Sub-Tech. Vanderbilt alleges that it entered into a contract with Sub Tech to perform work at a mine owned and operated by Vanderbilt (hereinafter "the mine").

Vanderbilt asserts four causes of action: breach of contract; breach of warranty; negligent misrepresentation; and negligence. The issue of negligence is not addressed in this motion. Specifically, Vanderbilt alleges that Sub-Tech represented that they would be able to stem the inflow of water in the mine but failed to do so, that Sub-Tech allegedly entered into a contract with Vanderbilt requiring specific work and services from Sub-Tech under which Sub-Tech allegedly failed to perform, and that Sub-Tech failed to provide and use materials that were fit for their intended use, and that that materials used did not conform to the description of the goods in the alleged contract.

It is Sub-Tech's position that Vanderbilt has no cognizable causes of action for breach of contract, breach of warranty, and negligent misrepresentation. The evidence in the record establishes that no contract existed between Sub-Tech and Vanderbilt, if any such agreement did exist between the parties, it was not a comprehensive contract that provided specific descriptions of the goods to be used or the work to be performed, Sub-Tech did not fail to perform any work

for which they were hired to perform, and at no time did Sub-Tech provide any guarantees, promises, or representations to Vanderbilt in regards to the work to be performed.

Based on the undisputed facts, it is respectfully submitted that Sub-Tech is entitled to judgment as a matter of law and Vanderbilt's complaint must be dismissed in part as relating to these three causes of action.

**SUMMARY JUDGMENT STANDARD**

"Summary judgment must be granted when the pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to summary judgment as a matter of law. The moving party carries the initial burden of demonstrating an absence of a genuine issue of material fact. Facts, inferences therefrom, and ambiguities must be viewed in a light most favorable to the nonmovant. When the moving party has met the burden, the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.' At that point, the nonmoving party 'must set forth specific facts showing that there is a genuine issue for trial.' To withstand a summary judgment motion, sufficient evidence must exist upon which a reasonable jury could return a verdict for the nonmovant." *Chiesa v. N.Y. State Dep't of Labor*, 638 F. Supp. 2d 316, 320 (N.D.N.Y. 2009) (internal citations omitted).

**POINT I – NEGLIGENT MISREPRESENTATION**

**A. Because Plaintiff Admits that No Guarantees or Promises Were Made Prior to Any Work, Sub-Tech Must Not be Held Liable for Negligent Misrepresentation.**

According to *DeBlasio v. Merrill Lynch & Co.*, 2009 U.S. Dist. LEXIS 64848 (S.D.N.Y. July 27, 2009), to establish a claim of negligent misrepresentation under New York law, a plaintiff must show: "1) the defendant had a duty, as a result of a special relationship, to give correct information; (2) the defendant made a false representation that he or she should have

5

known was incorrect; (3) the information supplied in the representation was known by the defendant to be desired by the plaintiff for a serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his or her detriment." The misrepresentation must also relate to a *material* fact. *See Mallis v. Bankers Trust Co.,* 615 F.2d 68, 80 (2d Cir. 1980), *cert. denied,* 449 U.S. 1123, 101 S. Ct. 938, (1981). Additionally, under such a theory, the plaintiff must allege a special relationship that "suggest[s] a closer degree of trust and reliance than that of the ordinary buyer and seller" and "Courts generally find that an ordinary contractual relationship alone is insufficient to constitute a special relationship." *Patell Indus. Mach. Co. v. Toyoda Mach. U.S.A.,* 880 F. Supp. 96, 99 (N.D.N.Y. 1995), (internal citations omitted). Likewise, "'Puffing' has been described as making generalized or exaggerated statements such that a reasonable consumer would not interpret the statement as a factual claim upon which he or she could rely." *Hubbard v. GMC,* 95 Civ. 4362 (AGS), 1996 U.S. Dist. LEXIS 6974 (S.D.N.Y. May 22, 1996).

Here, plaintiff has identified Sub-Tech's alleged statements that constitute negligent misrepresentation as claims that Sub-Tech employed two people with the most experience in the world at that time, that Sub-Tech posted the question "How much water can you stop?" and the answer of "How much water do you have?" on its website, and that Sub-Tech offered that "in addition to our highly competent field personnel, we have an in-house chemist, geologist and civil engineer, enabling us to craft the appropriate solution for just about any situation presented to us." **Exhibit A** at ⁋ 47. However, both Ward Bacon and James Knowlden, produced for depositions on behalf of plaintiff, testified that Sub-Tech made no promises or guarantees with regard to Sub-Tech's work in the mine. **Exhibit H** at 59:24–60:6; **Exhibit F** at 71:4–10, 90:12–21. Nowhere in their deposition testimony did either Mr. Bacon nor Mr. Knowlden reiterate or

6

refer to the statements allegedly made by Sub-Tech upon which this claim is pled. Therefore,

plaintiff has failed to establish that a misrepresentation of material fact was made by Sub-Tech,

and this cause of action is unsustainable on its face.

Furthermore, the statements pled herein are analogous to the statements at the basis of the

negligent misrepresentation claim in *Hubbard*. In that case, plaintiff sued on the basis of

defendant's advertisements that the Suburban vehicles being sold were "like a rock," "popular,"

and "dependable." *Hubbard*, 1996 U.S. Dist. LEXIS 6974 at 22. These statements were found to

be puffery and were not statements that a purchaser of a vehicle could reasonably rely. *Id*. The

court stated that generalized and exaggerated claims in advertising cannot be relied upon as

statements of fact. *Id*. Here, the alleged statements that defendant employed the best in the world

and the question of "how much water can you stop?" with the answer of "how much water do

you have" are clear exaggerations in advertisement. These statements, as well as the statement

regarding the in-house team employed by Sub-Tech, also could not be expected to be reasonably

relied upon as any guarantee of results. Such statements are clearly generalized statements that

are not particularized to plaintiff's project or projected an outcome for their specific project. As

mere puffery, such statements are not actionable as a negligent misrepresentations of a material

fact. *See Metzner v. D.H. Blair & Co.*, 689 F. Supp. 262, 263-64 (S.D.N.Y. 1988). Therefore,

Vanderbilt's claim of negligent misrepresentation against Sub-Tech must be dismissed.

<u>**POINT II – BREACH OF CONTRACT**</u>

**A. Because No Contract Existed Between the Parties, Sub-Tech Cannot be Held Liable for Breach of Contract.**

In New York and under common law, "It is well settled that a contract must be definite in

its material terms in order to be enforceable. Thus, an 'agreement to agree,' in which a material

term is left for future negotiations, is unenforceable." *Clifford R. Gray, Inc. v. LeChase Constr.*

*Servs., LLC*, 31 A.D.3d 983, 985, 819 N.Y.S.2d 182, 184–85 (3d Dep't, 2006) (internal citations omitted). Likewise, "Few principles are better settled in the law of contracts than the requirement of definiteness.  If an agreement is not reasonably certain in its material terms, there can be no legally enforceable contract." *Cobble Hill Nursing Home, Inc. v. Henry & Warren Corp.*, 74 N.Y.2d 475, 482, 548 N.Y.S.2d 920, 923, 548 N.E.2d 203, 206 (1989) (internal citations omitted). Additionally, the court has defined the material terms of a contract to include subject matter, price, payment, quantity, duration, and compensation, as well as the dates of performance. *Local 977, Intern. Broth. of Teamsters v. N.L.R.B.*, 577 F.3d 70, 74 (2d Cir. 2009) (citing 17A Am. Jur. 2d Contracts § 1990 (2004)); *Allen v. Robinson*, No. 10 Civ. 7118, 2011 U.S. Dist. LEXIS 120735, 2011 WL 5022819, at *5 (S.D.N.Y. 2011) ("Material terms of a contract that require definition include time, manner of performance and payment schedule.").

Firstly, Vanderbilt outright admits that no contract existed between the parties. Mr. Bacon and Mr. Knolwden each stated that there was no contract for the work performed by Sub-Tech in 2016, and Mr. Bacon testified that there was no agreement signed by Sub-Tech. **Exhibit F** at 70:10–19, 86:3–5; **Exhibit H** at 57:20–58:13, 59:7–9. Here, the agreement between Sub-Tech and Vanderbilt cannot be said to constitute a contract, as the agreement is void of definiteness. In plaintiff's own words, this agreement was "open-ended," there were no discussions or negotiations of money to be earned or time to be spent on the project, Sub-Tech was told to "keep going at it," there were no confines regarding volumes of water to be handled or time constraints, and Vanderbilt just decided "to keep [Sub-Tech] on [site]" after the starting the initial job. **Exhibit F** at 77:8–78:13; **Exhibit H** at 81:16–82:14. Additionally, there was no prior notice to Sub-Tech as to when the agreement would end, demonstrating the indefinite nature of the arrangement. **Exhibit H** at 82:10–13. Moreover, by plaintiff's own admission, there

was no scope of work provided by either party, and plaintiff merely claims that Sub-Tech "knew what the scope of work was," despite plaintiff's admittance of a lack of discussions and negotiations. **Exhibit F** at 80:20–22.

This agreement lacks the requisite material terms of price, time, duration, and manner of performance by Sub-Tech, and is vague and indefinite in regards to the subject matter of the agreement, as Sub-Tech was just "kept on" to perform whatever additional work Vanderbilt requested for an indefinite duration and there was no agreed upon scope of work. **Exhibit H** at 82:3–5; **Exhibit F** at 80:20–22. *Local 977, Intern. Broth. of Teamsters v. N.L.R.B.*, 577 F.3d at 74. Therefore, it cannot be said the agreement was reasonably certain in its material terms, and therefore, there can be no legally enforceable contract between Sub-Tech and Vanderbilt. *Cobble Hill Nursing Home, Inc.*, 74 N.Y.2d at 482, 548 N.Y.S.2d at 923, 548 N.E.2d at 206. Therefore, plaintiff's claim of breach of contract is unsustainable and must be dismissed.

**B. If a Contract is Found to Exist, Plaintiff's Lack of Performance and Failure to Establish Sub-Tech's Lack of Performance Precludes Their Breach of Contract Claim.**

Under New York law, "The elements of a cause of action for breach of contract are (1) formation of a contract between plaintiff and defendant; (2) performance by plaintiff; (3) defendant's failure to perform; and (4) resulting damage." *Hecht v. Components Intl., Inc.*, 22 Misc. 3d 360, 364, 867 NYS2d 889, 895 (2008) (citations omitted).

Here, this cause of action is invalid on its face. If there was found to be a contract in the case at hand, which Sub-Tech maintains there is none, Vanderbilt has, by their own admission, failed to pay Sub-Tech for any work performed in 2016. **Exhibit F** at 86:12–22; **Exhibit H** at 80:4–5. Therefore, plaintiff has failed to perform their own end of the bargain and thereby fails to meet the second element of the claim and cannot establish a sustainable claim for breach of

contract. *Hecht*, 22 Misc. 3d at 364 ("In order to establish a prima facie entitlement to judgment

on his breach of contract claims, [plaintiff] must show that he performed pursuant to the

agreement"). Likewise, plaintiff has failed to establish that Sub-Tech failed to perform. The

alleged agreement was open-ended, with no budgetary constraints, time constraints, or other

limitations agreed upon. **Exhibit H** at 81:16–82:14; **Exhibit F** at 77:8–78:13. Sub-Tech was in

the middle of performing the agreed upon work when Vanderbilt unilaterally terminated the

agreement despite the fact that Sub-Tech's work was progressing well, and instructed Sub-Tech

to cease all work, which came as a surprise to Mr. Smith. **Exhibit H** at 76:6–10, 78:22–79:10

**Exhibit F** at 84:18–23; **Exhibit G** at 61:7–12, 62:2–6. Additionally, the fact that the order to

cease all work came as a surprise to Sub-Tech only supports the notion that Sub-Tech was in the

process of performing and fully intended to completely perform any work directed by

Vanderbilt. Vanderbilt canceled the work because they were not seeing results quick enough.

**Exhibit H** at 76:6–10. As stated above, the agreement was open-ended, with no designated date

by which the work was to be completed, therefore, Vanderbilt's early termination of the

agreement precluded Sub-Tech from performing, and Sub-Tech must not be found to have failed

to perform. **Exhibit H** at 76:6–10; **Exhibit G** at 61:7–12, 62:2–6. Therefore, Plaintiff's claim for

breach of contract must be dismissed.

## POINT III – BREACH OF WARRANTY

**A. There was No Contract Specifying the Grade of Materials to be Used, and Sub-Tech Used Materials Exceeding the Industry Standard.**

In New York, "The implied warranty of merchantability is a guarantee by the seller that

its goods are fit for the intended purpose for which they are used and that they will pass in the

trade without objection. To establish that a product is defective for purposes of a breach of

implied warranty of merchantability claim, a plaintiff must show that the product was not

'reasonably fit for [its] intended purpose,' an inquiry that 'focuses on the expectations for the

performance of the product when used in the customary, usual and reasonably foreseeable

manners.'" *Wojcik v. Empire Forklift, Inc.*, 14 A.D.3d 63, 66, 783 N.Y.S.2d 698, 700–701 (3d

Dep't 2004) (internal citations omitted).

As discussed above, there is no contract applicable to this cause of action. Plaintiff's

pleadings allege that Sub-Tech's materials did not conform to the specifications and description

set out in an allegedly created contract. **Exhibit A** at ‖ 42. However, plaintiff admitted that there

was no formal contract or agreement signed by Sub-Tech. **Exhibit F** at 70:10–19, 86:3–5;

**Exhibit H** at 57:20–58:13, 59:7–9. Therefore, plaintiff's allegation on its face must fail in this

respect. However, plaintiff goes on to plead that the materials used by Sub-Tech were defective

and not merchantable. **Exhibit A** at ‖ 42.

Mr. Smith testified that Sub-Tech utilizes a polyurethane blend supplied by Huntsman

Corporation and BFS; Huntsman is the top producer of this polyurethane, and their products are

the among best quality in the world. **Exhibit E** at 38:17–21, 39:3–5. Mr. Smith personally

oversaw the ordering and acquiring of the materials to be used by Sub-Tech for the August 2016

project. **Exhibit I** at ‖ 14. Mr. Smith attests that the materials used for the work performed in

August and September 2016 were produced by Huntsman in batch numbers GE016557,

GE016585, GE000004, GE016744, GE016839, GE000005, GE016894, GE016915, and

GE000006. **Exhibit I** at ‖ 7. Mr. Smith was personally present in the mine at various times, did

not observe and defects in the materials used in the August 2016 work, and personally observed

that materials produced in batch numbers GE016557, GE016585, GE000004, GE016744,

GE016839, GE000005, GE016894, GE016915, and GE000006 were used for their intended purpose. **Exhibit I** at ¶¶ 13, 15, 16.

Upon learning of a potential lawsuit from Vanderbilt, Sub-Tech requested a report from Huntsman Corporation wherein Huntsman Corporation tested the materials produced in batch numbers E016557, GE016585, GE000004, GE016744, GE016839, GE000005, GE016894, GE016915, and GE000006. **Exhibit I** at ¶ 8. Huntsman Corporation provided a report which states that the materials produced in batch numbers E016557, GE016585, GE000004, GE016744, GE016839, GE000005, GE016894, GE016915, and GE000006 conformed to Huntsman's specifications and were therefore were of merchantable quality when used in the same manner as used by Sub-Tech. **Exhibit I** at ¶ 11, 12; Exhibit A to Exhibit I.

The record is void of any admissible evidence support that the materials used by Sub-Tech during the work performed in August 2016 was not "reasonably fit for [its] intended purpose . . . when used in the customary, usual and reasonably foreseeable manners." *Wojcik*, 14 A.D.3d at 66, 783 N.Y.S.2d at 700–701. Additionally, "for goods to be of merchantable quality they need to be reasonably fit for their intended purpose; they need not, however, be perfect." *Saratoga Spa & Bath v Beeche Sys. Corp.*, 230 A.D.2d 326, 330, 656 N.Y.S.2d 787, 790 [1997], *lv dismissed* 90 N.Y.2d 979, 688 N.E.2d 1035, 665 N.Y.S.2d 953 [1997]. Here, the record is void of any admissible evidence suggesting that the materials were used in a manner other than the intended use, or that the materials were of a less than perfect quality, let alone merchantable quality. Therefore, plaintiff's claim of breach of warranty must be dismissed.

## CONCLUSION

For the foregoing reasons and authorities cited, Defendant respectfully requests an order, pursuant to FRCP Rule 56, granting Defendant summary judgment and dismissing the complaint

of Plaintiff in part as relating to the breach of contract, breach of warranty, and negligent

misrepresentation causes of action, together with costs and such other and further relief as to the

Court deems just and proper.

Dated:  Clifton Park, New York
        July 31, 2019

By:  _____
     PATRICK J. PICKETT, ESQ.
     Bar Roll No.: 105992
     AHMUTY, DEMERS & McMANUS, ESQS.
     Attorneys for Defendant
     SUB-TECHNICAL, INC.
     634 Plank Road, Suite 203A
     Clifton Park, NY  12065
     (518) 387-3605
     File No.:  HII 008918 PJP

To:   SUGARMAN LAW FIRM, LLP
      Attorneys for Plaintiffs
      211 W. Jefferson Street
      Syracuse, NY 13202